UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| QUINCETTA Y. CARGILL,<br><br>            Plaintiff,<br><br>   v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>            Defendant. | Case No. C22-00949-JCC-SKV<br><br>REPORT AND RECOMMENDATION |

INTRODUCTION

Plaintiff Quincetta Y. Cargill is a federal prisoner who is currently confined at the Federal Detention Center in SeaTac, Washington. Plaintiff proceeds *pro se* and *in forma pauperis* in this action. She previously submitted to this Court for filing a civil rights complaint under 42 U.S.C. § 1983, a request for appointment of counsel, and a motion for consolidation of related cases. Dkts. 4-1, 4-2, 8. The Court denied Plaintiff's requests for appointment of counsel and consolidation with cases pending in the Northern District of Alabama. Dkt. 9. The Court also ordered Plaintiff to show cause why her complaint and action should not be dismissed for failure to state a claim upon which relief may be granted. *Id.* Plaintiff submitted multiple documents in response, which included a motion for leave to amend her complaint, a proposed

REPORT AND RECOMMENDATION - 1

amended complaint, and renewed requests for appointment of counsel and consolidation of cases. *See* Dkts. 13-19. Plaintiff has also filed a motion for summary judgment. Dkt. 20.

Having considered the Plaintiff's submissions, the balance of the record, and the governing law, the Court recommends that Plaintiff's amended complaint and this action be DISMISSED pursuant to 28 U.S.C. § 1915A(b)(1).[1]

## BACKGROUND

The Court received Plaintiff's original proposed complaint on July 7, 2022. *See* Dkt. 1-1. In Plaintiff's original complaint, she named the following as Defendants: the United States, the Internal Revenue Service (IRS), Joseph R. Biden, Jr. (President of the United States), Kamala Harris (Vice President of the United States), R. David Proctor (U.S. District Court Judge), John G. Camp (Assistant U.S. Attorney), M. Blake Milner (Assistant U.S. Attorney), and Jason Ward (IRS Criminal Investigator). Dkts. 4-1, 4-2.

Plaintiff's claims appeared to relate primarily to alleged violations of her rights and unlawful actions by the prosecutors, judge, and IRS criminal investigator in her federal criminal case in the Northern District of Alabama. *Id.* She alleged these violations resulted in her wrongful conviction and sentence for witness tampering and conspiracy to commit mail and wire fraud. *Id.*; *see United States v. Cargill*, No. 2:17-cr-00356-RDP-JHE, (N.D. Ala.) (case closed September 16, 2020). Plaintiff appeared to allege the judge's and prosecutor's actions in violating her rights to secure a conviction were motivated by racism. Dkt. 4-1 at 72. She also appeared to allege the President and Vice President either negligently or intentionally failed to take sufficient action to address and prevent racism and discrimination in the criminal justice

---

[1] Because the Court recommends that this case be dismissed, it need not address Plaintiff's motion for summary judgment, in camera motion seeking injunctive relief against Senator Bernie Sanders, or renewed motions for appointment of counsel and consolidation of cases.

REPORT AND RECOMMENDATION - 2

system, which Plaintiff appeared to allege resulted in her wrongful criminal conviction. *See* Dkt. 4-1.

On September 19, 2022, the Court ordered Plaintiff to show cause why this action should not be dismissed without prejudice pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2)(B). Dkt. 9. The Court interpreted Plaintiff's complaint to allege violations of her rights under 42 U.S.C. §§ 1981, 1983, 1985(3) and 1986, *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 288 (1971), and the Fifth, Eighth, Thirteenth and Fourteenth Amendments to the United States Constitution. *Id.* at 4. The Court also stated that Plaintiff appeared to allege the United States was liable for the actions of its employees under the Federal Tort Claims Act (FTCA),[2] although the Court noted that Plaintiff's specific claims under the FTCA were not entirely clear. *Id.* at 3-4.

The Court directed Plaintiff to show cause why her claims should not be dismissed for three separate reasons. *Id.* at 5-10. First, the Court noted that 42 U.S.C. §§ 1981 and 1983, by their terms, apply to individuals acting "under color of state law" and not under color of federal law, citing *Gottschalk v. City & Cty. of San Francisco*, 964 F. Supp. 2d 1147, 1162-63 (N.D. Cal. 2013). *Id.* at 5. Because Plaintiff sued only federal, not state, officials, the Court ordered Plaintiff to show cause why her 42 U.S.C. §§ 1981 and 1983 claims would not fail. *Id.* Second, the Court stated that Plaintiff's claims appeared to be barred under *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), because success on any of her claims would appear to imply the invalidity of her confinement or its duration. *Id.* at 7. Plaintiff had made no allegation or showing that her conviction or sentence had been invalidated or impugned in any respect and, at that time, that her direct appeal was still pending in the Eleventh Circuit Court of Appeals. *Id.* Third, the Court

---

[2] *See* 28 U.S.C. 1346(b)(2), 2671-80.

REPORT AND RECOMMENDATION - 3

noted that Plaintiff's claims against the prosecutors and judge in the context of her criminal trial appeared to be barred by prosecutorial and judicial immunity. *Id.* at 10.

The Court also specifically noted that Plaintiff's claims against President Biden, Vice President Harris, the IRS, and the United States relating to the alleged failure to take some sort of political or policy action related to racism in the criminal justice system or related to informational security were vague and conclusory. *Id.* at 7, n.3. The Court stated that these allegations failed to articulate facts supporting a causal connection, beyond pure speculation, between these Defendants' alleged failure to act and Plaintiff's alleged injury, i.e., her criminal conviction. *Id.*

Following the order to show cause, Plaintiff submitted eight filings to the Court, several of which also contained supplemental attachments. Dkts. 13-20. Although the heading "Proposed Amended Complaint" appears on multiple documents (*see* Dkts. 13, 16, 18), it appears that the documents attached to Plaintiff's motion for leave to amend complaint filed on October 13, 2022,[3] are intended to serve as Plaintiff's proposed amended complaint, and the Court will consider them as such. *See* Dkts. 13, 13-1, 13-2. The Court has reviewed all of the filings for context but will consider only the claims raised in the amended complaint.

In Plaintiff's amended complaint, she names only the United States as a Defendant and appears to abandon all of her claims except for those under the FTCA. Dkt. 13-1 at 1-3. She specifies that she is alleging tort claims of civil conspiracy, intentional infliction of emotional distress, and negligent supervision by the President and Vice President of the United States. *Id.*

---

[3] Because Plaintiff submitted the amended complaint prior to service and had not previously amended her complaint, she may amend the pleading as a matter of course and the motion for leave to amend is unnecessary. *See* Fed. R. Civ. Pro. 15(a)(1) ("A party may amend its pleading once as a matter of course within: (A) 21 days of serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.").

REPORT AND RECOMMENDATION - 4

at 15.  Plaintiff's theory appears to be that statements made by President Biden and Vice President Harris as presidential candidates in 2020 acknowledging the historical existence of racial discrimination within the legal system created a duty to act once they were elected to address these inequalities.  *See* Dkts. 13-1, 13-2.  Because the former candidates are now President and Vice President of the United States, Plaintiff argues that the United States should be held liable for its employees' failure to take some sort of action against systemic racism.  *See id.*  In a supplemental pleading, she claims that their statements induced voters to act in reliance on these implied promises and specifically affected her decision to represent herself in a federal criminal prosecution.  Dkt. 16-1 at 3-5.  Plaintiff maintains that her conviction was secured via fraud, government misconduct, false testimony, and coercion.  *See* Dkts. 13-1, 13-2.  However, she stresses that she does not intend to use this action as a means of collateral attack against her conviction.  Dkt. 13-1 at 3.

In her amended complaint, Plaintiff requests "compensatory (general) damages . . . including any special damages" in an amount to be determined by a jury.  *Id.* at 4.  In a supplemental pleading, she also requests declaratory and injunctive relief in the form of an order directing the United States Sentencing Commission to take various specific actions to address allegations of malicious and fraudulent prosecution.  Dkt. 14 at 2-4.  In the alternative, Plaintiff requests a "declaration of rights" made to Congress and the United States Department of Justice Civil Rights Division that states:

> Where the United States of America has allowed Unlawful Discriminatory Legal Practices and Systematic Racism and Abuse (Abuse of Power) to flourish and to go unchallenged while government officials abuse their authority and power vested by statute/law to Mass Incarcerate and Oppress Minorities by use of false evidence, coercion, fraud and malice that result in Malicious Prosecution and Unlawful Peonage, under the Fourteenth Amendment's due process clause and equal protection of law (Thirteenth Amendment's prohibition of Slavery and Involuntary Servitude) those individuals who have been falsely imprisoned by use

REPORT AND RECOMMENDATION - 5

of fraud and Abuse who have reported such fraud and Abuse to the United States District Court, the FBI and/or the Department of Justice (with proof of such activities) have the right to a full and adequate INVESTIGATION into the claims, and immediate remedy.

*Id.* at 5-6.

## DISCUSSION

Under the Prison Litigation Reform Act of 1996, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

Rule 8(a) of the Federal Rules of Civil Procedure provides that, for a pleading to state a claim for relief, it must contain a short and plain statement of the grounds for the court's jurisdiction, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for the relief sought. The statement of the claim must be sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). The factual allegations in the complaint must be "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In addition, a complaint must allege facts to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* filings liberally. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

An amended complaint supersedes the original complaint in its entirety. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). The original complaint is "treated thereafter as

REPORT AND RECOMMENDATION - 6

1 non-existent." *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967), *overruled on other grounds by Lacey v. Maricopa County*, 693 F.3d 896 (9th Cir. 2012).  Therefore, the Court will only analyze claims raised in the amended complaint that comply with Rule 8.

Plaintiff's amended complaint, construed liberally, appears to address two of the three deficiencies specified by the Court in the order to show cause.  Because Plaintiff now names only the United States as a Defendant, the doctrines of judicial and prosecutorial immunity are no longer implicated.  Likewise, because she now raises claims solely under the FTCA, she no longer needs to defend her 42 U.S.C. §§ 1981 and 1983 claims.  However, the amended complaint has not remedied the deficiency regarding *Heck* or the vague and conclusory nature of the allegations.

A complaint alleging claims under the FTCA cannot proceed when "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck*, 512 U.S. at 487; *see also Erlin v. United States*, 364 F.3d 1127, 1132 (9th Cir. 2004) (applying rationale of *Heck* to FTCA claim); *Gocke v. United States*, No. EDCV161560, 2019 WL 4238881, at *5 (C.D. Cal. July 10, 2019) ("*Heck* must be applied to actions arising under the FTCA and numerous district courts have done so.").  The action "is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).  Where a prisoner challenges the fact or duration of their confinement, their sole

REPORT AND RECOMMENDATION - 7

1  federal remedy is a writ of habeas corpus, to which the exhaustion requirement applies. *Preiser*
2  *v. Rodriguez*, 411 U.S. 475, 489-90 (1973).

3      A review of the relevant court records and decisions reveals that in November 2019,
4  Plaintiff was charged in the Northern District of Alabama, by way of a superseding indictment,
5  with one count of conspiracy to commit mail and wire fraud and one count of witness tampering.
6  *See Cargill*, No. 2:17-cr-00356-RDP-JHE, Dkt. 169.  In February 2020, Plaintiff, who had
7  previously been granted leave to represent herself at trial, was convicted of both charged
8  offenses following a bench trial. *Id.*, Dkts. 146, 241, 242, 246.  Plaintiff was sentenced in
9  September 2020 to a term of 180 months confinement. *Id.*, Dkt. 282.  Plaintiff appealed to the
10 United States Court of Appeals for the Eleventh Circuit, which affirmed her convictions and
11 sentences. *See United States of America v. Cargill*, No. 20-13507, 2022 WL 4375292 (11th Cir.
12 Sept. 22, 2022).

13     In this case, Plaintiff claims that the President and Vice President's failure to take some
14 sort of political or policy action resulted in her criminal conviction either by failing to prevent a
15 malicious, racially-motivated prosecution or by affecting her decision to represent herself.
16 Despite her assertion that she is not attempting a collateral attack on her conviction or sentence,
17 success on her claims would appear to necessarily demonstrate the invalidity of her confinement
18 or its duration.  Plaintiff does not show that her current convictions or sentences have been
19 invalidated or impugned in any respect and, in fact, they were recently upheld by the Eleventh
20 Circuit Court of Appeals.  Accordingly, it appears Plaintiff's claims are barred under *Heck*.

21     Even if Plaintiff's claim against the United States under the FTCA were not barred by
22 *Heck,* her allegation that President Biden and Vice President Harris failed to take some sort of
23 political or policy action related to racism in the criminal justice system remains too vague and

REPORT AND RECOMMENDATION - 8

conclusory to state a claim.  Her amended complaint does not set forth facts supporting a causal connection, beyond pure speculation, between their alleged failure to act and Plaintiff's alleged injury, i.e., her criminal conviction.  She has not articulated any specific basis supporting the creation of a duty to act based on general statements made by a candidate during a presidential campaign.[4]

## CONCLUSION

The Court recommends that this amended complaint and action be DISMISSED.  A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed.  Failure to file objections within the specified time may affect your right to appeal.  Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed.  Responses to objections may be filed within **fourteen (14)** days after service of objections.  If no timely objections are filed, the matter will be ready for consideration by the District Judge on **March 3, 2023**.

Dated this 6th day of February, 2023.

S. KATE VAUGHAN
United States Magistrate Judge

---

[4] To the extent that Plaintiff is alleging that she acted in reliance upon these statements or that the doctrine of promissory estoppel applies, the Court notes that she has not alleged the existence of a contract or brought a claim for breach of contract.

REPORT AND RECOMMENDATION - 9