THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| QUINCETTA Y. CARGILL,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　　Defendant. | CASE NO. C22-0949-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiff's objections (Dkt. No. 22) to the Report and Recommendation ("R&R") of the Honorable S. Kate Vaughan, United States Magistrate Judge (Dkt. No. 21). Having thoroughly considered the relevant record, the Court hereby OVERRULES Plaintiff's objections, ADOPTS the R&R, and DISMISSES Plaintiff's amended complaint (Dkt. No. 13) with prejudice, for the reasons explained herein.

The facts and procedural history of this case are described in Judge Vaughan's R&R, (*see generally*, Dkt. No. 21 at 1–6), and the Court will not repeat them here. Plaintiff claims that her rights were violated by government officials in a federal criminal case in the Northern District of Alabama. (*Id*. at 2.) Judge Vaughan found that Plaintiff's claims were "too vague and conclusory to state a claim" and that her "amended complaint does not set forth facts supporting a causal connection, beyond pure speculation, between their alleged failure to act and Plaintiff's alleged injury, i.e., her criminal conviction." (*Id.* at 8–9). Plaintiff objected to the R&R, but failed to

identify any specific issues for review. (*See generally* Dkt. No. 22.)

The Court reviews *de novo* those portions of a R&R to which a party objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Objections are required to enable the court to "focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985). A party properly objects by timely filing "specific written objections" to the magistrate judge's R&R as required under Federal Rule of Civil Procedure 72(b)(2). General objections, or summaries of arguments previously presented, have the same effect as no objection at all, since the Court's attention is not focused on any specific issues for review. *See Simpson v. Lear Astronics Corp*, 77 F.3d 1170, 1175 (9th Cir. 1996); *see also Djelassi v. ICE Field Office Director*, 434 F. Supp. 3d 917, 919 (W.D. Wash. 2020) (district courts only review *de novo* "those portions of the report and recommendation to which specific written objection is made").

Plaintiff's objections reiterate and summarize her vague and conclusory claims, and point to no specific error by Judge Vaughan. (*Compare* Dkt. No. 22, *with* Dkt. No. 13). Thus, they amount to no objection at all, since they do not focus the Court's attention on any specific issues for review, and they provide the Court without a basis to reject the R&R. *See Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

For the foregoing reasons, the Court OVERRULES Plaintiff's objections, (Dkt. No. 22), ADOPTS Judge Vaughan's R&R, (Dkt. No. 21), and DISMISSES Plaintiff's complaint (Dkt. No. 13) with prejudice under 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.[1]

//
//
//
//

---

[1] The clerk is DIRECTED to strike all other pending motions for this case as moot.

1  DATED this 3rd day of March 2023.

A

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
C22-0949-JCC
PAGE - 3